**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUDREY DAGMAR TOMERLIN, | No. 23-55095 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-00096-JGB-SHK |
| v. | |
| DUSTIN LLOYD, Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 12, 2024[**]

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Audrey Tomerlin appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging constitutional violations during the course of her arrest. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to this decision. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Tomerlin's false arrest claim because she did not raise a triable dispute as to whether, at the time of her arrest, Riverside County Sheriff's Deputy Dustin Lloyd lacked probable cause to believe that Tomerlin had violated certain laws. Lloyd reasonably could have concluded that Tomerlin had violated at least one or more of the following statutes: California Penal Code § 626.8 (regarding unlawful presence on school grounds); California Penal Code § 278 (regarding interfering with child custody rights); and California Penal Code § 148 (regarding willfully resisting any officer in carrying out duties). *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) ("The validity of the arrest does not depend on whether the suspect actually committed a crime[.]"); *Rodis v. City & County of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009) (probable cause to arrest exists if officers have "reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Tomerlin's excessive force claim because Tomerlin did not raise a triable dispute as to whether Lloyd's actions were objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (an officer is allowed to use reasonable force during an arrest). The body camera and dash camera recordings contradict Tomerlin's allegations

2

that Lloyd "body slammed" her to the pavement causing serious injuries. *Scott v. Harris*, 550 U.S. 372, 380 (2007). ([W]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Tomerlin's contentions of judicial bias and incompetence are unpersuasive. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

**AFFIRMED.**